1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| SEAN M. PARK and MICHELLE PARK,<br>               Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES; LEHMAN BROTHERS BANK FSB; QUALITY LOAN SERVICES CORP.; CHICAGO TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; MARC CARPENTER & ASSOCIATES; ALLISON JAMES ESTATE PROPERTIES; and DOES individuals 1 to100, inclusive; and ROES corporations 1 to 30, inclusive; and all other persons and entities unknown claiming any right, title, estate, lien, or interest in the real property described in the compliant adverse to Plaintiffs' ownership, or any cloud upon Plaintiffs' title thereto, DOES,<br><br>               Defendants. | **CASE NO: 10-CV-2692-IEG (WVG)**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 6] |

        Presently before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Aurora Loan Services LLC ("Aurora"), Lehman Brothers Bank, FSB ("Lehman Brothers"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  [Doc. No. 6.]

The motion has been fully briefed and is suitable for disposition without oral argument under Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**BACKGROUND**

On December 30, 2010, Plaintiffs Sean and Michelle Park, proceeding *pro se*, filed a complaint alleging eleven causes of action arising out of the origination of their home mortgage loan and the nonjudicial foreclosure proceedings related to the property.  [Doc. No. 1.]  Plaintiffs allege they purchased the subject property, located at 823 Deal Court, San Diego, California, on October 26, 2005, for $1,225,000.  [Id. at ¶ 3.]  To fund that purchase, Plaintiffs secured a loan for $796,250 from Defendant Lehman Brothers, secured by a Deed of Trust .  [Id.]   Plaintiffs allege that Defendants committed various violations during the handling and processing of Plaintiffs' loan. [Id.]  These allegations form Plaintiffs' causes of action for (1) Breach of Contract—Promissory Estoppel, (2) Fraud in the Factum, (3) Violation of the Federal Debt Collection Procedures Act, (4) Wrongful Foreclosure, (5) Breach of Fiduciary Duty, (6) Fraud—Intentional Misrepresentation, (7) Violations of California Business & Professional Code Section 17200, (8) Breach of the Implied Covenant of Good Faith and Fair Dealing, (9) Quiet Title, (10) Injunctive Relief, and (11) Accounting.

**DISCUSSION**

**I.** **FED. R. CIV. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1  defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1949

2  (2009) (citing <u>Twombly</u>, 550 U.S. at 556).

3         However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

4  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

5  action will not do."  <u>Twombly</u>, 550 U.S. at 555 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986))

6  (alteration in original).  A court need not accept "legal conclusions" as true.  <u>Iqbal</u>, 129 S. Ct. at 1949.

7  In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the

8  court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants

9  have violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Cal.,</u>

10 <u>Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts

11 that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

12 and plausibility of entitlement to relief.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at

13 557).

14 **II.   PLAINTIFFS' FEDERAL CLAIM—FEDERAL DEBT COLLECTION PROCEDURES ACT**

15        Plaintiffs allege one claim under federal law: Defendants violated the Federal Debt Collection

16 Procedures Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by falsely stating the amount of Plaintiffs'

17 debts, "taking actions not legally permitted to be taken," and failing to communicate to credit reporting

18 agencies that a reported debt was in dispute.  [Complaint, ¶ 84.]

19        Neither a consumer's creditors, a mortgage servicing company, nor any assignee of the

20 mortgage debt may face liability under the FDCPA because they are not considered "debt collectors"

21 as defined by the act.  <u>Lal v. Am. Home Serv., Inc.</u>, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010);

22 <u>Connors v. Home Loan Corp.</u>, 2009 WL 1615989, at *5 (S.D. Cal. June 9, 2009).  Moreover, parties

23 cannot face liability for foreclosing upon a property pursuant to a deed of trust because such

24 foreclosure is not "debt collection" within the meaning of the FDCPA.  <u>Connors</u>, 2009 WL 1615989,

25 at *5.

26        Because Defendants are not debt collectors and have not engaged in debt collection as defined

27 by the FDCPA, they cannot face liability under either statute.  Accordingly, the Court **DISMISSES**

28 **WITH PREJUDICE** Plaintiffs' claim under the FDCPA.

3

III.     **PLAINTIFFS' STATE LAW CLAIMS**

Plaintiffs' remaining claims arise under California law: various allegations of fraud and breach of contract, violations of the California Business & Professional Code Section 17200, wrongful foreclosure, quiet title, injunctive relief,[1] and accounting.  Where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law claims.  28 U.S.C. § 1367.  When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts.  Gibbs, 383 U.S. at 726.  Where federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice.  Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).

Having dismissed Plaintiffs' claim under the FDCPA and finding no diversity jurisdiction in Plaintiff's complaint, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Accordingly, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss the complaint.

**IT IS SO ORDERED.**

**DATED:** 3/16/2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942).

4