UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK; and MICHELLE PARK,<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES; LEHMAN BROTHERS BANK, FSB; QUALITY LOAN SERVICES CORP.; CHICAGO TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; MARC CARPENTER & ASSOCIATES; ALLISON JAMES ESTATE PROPERTIES; and DOES individual 1 to 100, inclusive; and ROES corporations 1 to 30, inclusive; and all other persons and entities unknown claiming any right, title, estate, lien, or interest in the real property described in the complaint adverse to Plaintiffs' ownership, or any cloud upon Plaintiffs' title thereto, DOES,<br><br>Defendant. | CASE NO. 10-cv-2692 - IEG (RBB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 27] |

On December 30, 2010, Plaintiffs Sean and Michelle Park ("Plaintiffs"), proceeding *pro se*, filed a complaint against the Defendants alleging eleven causes of action arising out of the origination of their home mortgage loan and the nonjudicial foreclosure proceedings related to the property. [Doc. No. 1.] Of the eleven causes of action, only one claim–a claim for violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*–was a federal cause of action and the remaining ten claims arose out of state law. [Id.]

- 1 -

1   On March 16, 2011, Defendants Aurora Loan Services LLC ("Aurora"), Lehman Brothers
2 Bank, FSB ("Lehman Brothers"), and Mortgage Electronic Registration Systems, Inc. ("MERS")
3 filed a motion to dismiss Plaintiffs' complaint. [Doc. No. 6.] On February 17, 2011, Defendant
4 Quality Loan Services Corp. ("Quality") filed a notice of joinder in Defendants Aurora, Lehman
5 Brothers, and MERS's motion to dismiss. [Doc. No. 9.]

6   On March 16, 2011, the Court granted Defendants Aurora, Lehman Brothers, and MERS's
7 motion to dismiss and dismissed Plaintiffs' complaint as to those three Defendants. [Doc. No. 14.]
8 Specifically, the Court dismissed with prejudice Plaintiffs' FDCPA claim and dismissed without
9 prejudice Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367. [Id. at 3-4.] In that
10 Order, the Court did not address Quality's joinder in the motion. Therefore, on July 17, 2012, the
11 Court granted Defendant Quality's motion to dismiss and dismissed with prejudice Plaintiffs'
12 FDCPA claim and dismissed without prejudice Plaintiffs' remaining state law claims pursuant to
13 28 U.S.C. § 1367 as to Defendant Quality. [Doc. No. 23.] By the present motion, Plaintiffs move
14 for reconsideration of the Court's July 17, 2012 order. [Doc. No. 27]

**DISCUSSION**

16   The Ninth Circuit has stated that "[r]econsideration is appropriate if the district court (1) is
17 presented with newly discovered evidence, (2) committed clear error or the initial decision was
18 manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v.
19 ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration cannot be granted
20 merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the
21 facts to binding precedent or because he disagrees with the ultimate decision." Lino v. Kellerman,
22 2012 U.S. Dist. LEXIS 25501, at *5 (S.D. Cal. Feb. 18, 2012). Whether to grant or deny a motion
23 for reconsideration is committed to the sound discretion of the district court. Navajo Nation v.
24 Norris, 331 F.3d 1041, 1046 (9th Cir. 2003)

25   Plaintiffs first argue that their motion for reconsideration should be granted because the
26 Court's Order did not mention that Quality had filed a joinder in the other three Defendants'
27 motion to dismiss. [Doc. No. at 27-1 at 2-3.] Plaintiffs are incorrect. The July 17, 2012 Order
28 acknowledged that Quality had filed a joinder in that motion to dismiss. [Doc. No. 23 at 2.] In the

1  prior order, the Court explained that although it had ruled on the motion with respect to
2  Defendants Aurora, Lehman Brothers, and MERS, the Court never ruled on the motion with
3  respect to Quality. [Id.] Therefore, it was appropriate to later rule on the motion with respect to
4  Defendant Quality.

5  Plaintiffs appear to be confused as to how the Court could rule on the motion with respect
6  to Defendant Quality after Plaintiffs had filed a notice appealing the Court's March 16, 2012 Order
7  granting Aurora, Lehman Brothers, and MERS's motion to dismiss. The Court acknowledges that
8  "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters being
9  appealed." Natural Res. Def. Counsel v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir.
10 2001). However, because the Court's March 16, 2012 order did not rule on the motion to dismiss
11 with respect to Quality, that part of the motion is not a matter being appealed. Therefore, it was
12 proper for the Court to rule on the motion to dismiss with respect to Quality despite Plaintiffs
13 filing a notice of appeal as to the Court's March 16, 2012 Order.

14 Plaintiffs also argue that their motion for reconsideration should be granted because they
15 can demonstrate that Quality is a debt collector under the FDCPA. [Doc. No. 27-1 at 4.]
16 However, as explained in the prior order, neither a consumer's creditors, a mortgage servicing
17 company, nor any assignee of the mortgage debt may face liability under the FDCPA because they
18 are not considered "debt collectors" as defined by the act. Lal v. Am. Home Serv., Inc., 680 F.
19 Supp. 2d 1218, 1224 (E.D. Cal. 2010); Connors v. Home Loan Corp., 2009 WL 1615989, at *5
20 (S.D. Cal. June 9, 2009). Therefore, the Court's prior order dismissing Plaintiffs' FDCPA claim
21 against Quality was not made in clear error.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

**DATED:** August 1, 2012

*Irma E. Gonzalez*

**IRMA E. GONZALEZ**
**United States District Judge**